SCANNED

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 17 2018

Sherri R. Carter, Executive Officer/Clerk
By: Martha Brown, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

UFP Technologies, Inc.; David Tackman and Does, 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Evelyn Crider-Hall

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

COPY

The name and address of the court is:
*(El nombre y dirección de la corte es):* Compton
200 West Compton Blvd.
Compton, California 90220

CASE NUMBER:
*(Número del Caso):*
18CMCV00013

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lee Franck, Cummings & Franck PC, 1025 W 190th St., Ste 200, Gardena, CA 90248; 310.295.2195

DATE: *(Fecha)* OCT 17 2018 SHERRI R. CARTER Clerk, by *(Secretario)* [signature] Martha Brown, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: UFP TECHNOLOGIES, INC.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☒ by personal delivery on *(date)*: 10/23/18

SCANNED

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 17 2018

Sherri R. Carter, Executive Officer/Clerk
By: Martha Brown, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

UFP Technologies, Inc.; David Tackman and Does, 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

Evelyn Crider-Hall

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

COPY

The name and address of the court is:
*(El nombre y dirección de la corte es):* Compton
200 West Compton Blvd.
Compton, California 90220

CASE NUMBER:
*(Número del Caso):* 18CMCV00013

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lee Franck, Cummings & Franck PC, 1025 W 190th St., Ste 200, Gardena, CA 90248; 310.295.2195

DATE: *(Fecha)* OCT 17 2018 SHERRI R. CARTER Clerk, by *(Secretario)* [signature] , Deputy *(Adjunto)*

Martha Brown

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

SCANNED

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
SCOTT CUMMINGS (SBN: 204111) & LEE FRANCK (SBN: 229055)
CUMMINGS & FRANCK, P.C.
1025 West 190th Street, Suite 200
Gardena, CA 90248
TELEPHONE NO.: 310-295-2195 FAX NO.: 310-295-2180
ATTORNEY FOR (Name): Plaintiff Evelyn Crider-Hall

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 17 2018

Sherri R. Carter, Executive Officer/Clerk
By: Martha Brown, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 200 West Compton Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Compton, California 90220
BRANCH NAME: Compton

CASE NAME:
Evelyn Crider-Hall v. UFP Technologies, Inc., et. al.

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 18CMCV00013
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. ☐ Large number of separately represented parties
   - b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. ☐ Substantial amount of documentary evidence
   - d. ☐ Large number of witnesses
   - e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: Thirteen (13)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 16, 2018
Lee Franck (SBN: 229055)
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SCANNED

| SHORT TITLE: Evelyn Crider-Hall v. UFP Technologies, Inc., et. al. | CASE NUMBER: 18CMCV00013 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Evelyn Crider-Hall v. UFP Technologies, Inc., et. al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Evelyn Crider-Hall v. UFP Technologies, Inc., et. al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Evelyn Crider-Hall v. UFP Technologies, Inc., et. al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | | | ADDRESS: |
|---|---|---|---|
| ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | | | 20211 South Susana Road |
| CITY: Compton | STATE: CA | ZIP CODE: 90221 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Compton District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: October 16, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

SCANNED

FILED
Superior Court of California
County of Los Angeles
10/17/2018
Sherri R. Carter, Executive Officer / Clerk of Court
By: Martha Brown Deputy

COURTHOUSE ADDRESS:
Compton Courthouse
200 West Compton Blvd, Rm 902, Compton, CA 90220

NOTICE OF CASE ASSIGNMENT

UNLIMITED CIVIL CASE

CASE NUMBER:
18CMCV00013

**Your case is assigned for all purposes to the judicial officer indicated below.**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Maurice A. Leiter | A | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/17/2018
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Martha Brown, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp SCANNED FILED Superior Court of California County of Los Angeles 10/17/2018 Sherri R. Carter, Executive Officer / Clerk of Court By: Martha Brown Deputy |
|---|---|
| COURTHOUSE ADDRESS: Compton Courthouse 200 West Compton Blvd, Rm 902, Compton, CA 90220 | |
| PLAINTIFF: Evelyn Crider-Hall | |
| DEFENDANT: UFP Technologies, Inc. et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 18CMCV00013 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 02/20/2019 | 8:30 AM | A |

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: OCT 17 2018

MAURICE A. LEITER
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Compton, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

Scott Ohara Cummings
1025 W 190th St.
Suite 200
Gardena, CA 90248

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 10/17/2018

By Martha Brown
Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Compton Courthouse 200 West Compton Blvd, Rm 902, Compton, CA 90220 | FILED Superior Court of California County of Los Angeles 10/17/2018 Sherri R. Carter, Executive Officer / Clerk of Court By: Martha Brown Deputy |
| PLAINTIFF/PETITIONER: Evelyn Crider-Hall | |
| DEFENDANT/RESPONDENT: UFP Technologies, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 18CMCV00013 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Compton, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott Ohara Cummings
Cummings & Franck, P.C.
1025 W 190th St.
Suite 200
Gardena, CA 90248

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 10/17/2018

By: Martha Brown
Deputy Clerk

SCANNED

**SCOTT CUMMINGS (SBN: 204111)**
**LEE FRANCK (SBN: 229055)**
**CUMMINGS & FRANCK, P.C.**
1025 W. 190th Street, Suite 200
Gardena, CA 90248
Telephone: (310) 295-2195
Facsimile: (310) 295-2180

Attorneys for Plaintiff EVELYN CRIDER-HALL

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 17 2018

Sherri R. Carter, Executive Officer/Clerk
By: Martha Brown, Deputy

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA,**

**COUNTY OF LOS ANGELES – SOUTH CENTRAL DISTRICT (COMPTON COURTHOUSE)**

EVELYN CRIDER-HALL,

Plaintiff,

vs.

UFP TECHNOLOGIES, INC.; DAVID TACKMAN and DOES, 1 to 100, inclusive,

Defendants

Case Number: 18CMCV00013

COMPLAINT FOR DAMAGES FOR:

(1) AGE DISCRIMINATION IN VIOLATION OF THE FEHA;

(2) RACE/COLOR/NATIONAL ORIGIN/ANCESTY DISCRIMINATION IN VIOLATION OF THE FEHA;

(3) RETALIATION FOR OPPOSING PRACTICES FORBIDDEN BY THE FEHA;

(4) HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FEHA;

(5) FAILURE TO DO EVERYTHING REASONABLY NECESSARY TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION FROM OCCURRING IN VIOLATION OF THE FEHA;

(6) NON-PAYMENT OF WAGES, INCLUDING OVERTME, IN VIOLATION OF FLSA, ET SEQ.;

(7) NON-PAYMENT OF WAGES, INLCUDING OVERTIME AND COMMISSION, IN VIOLATION OF DLSE, LABOR CODE, ET SEQ.;

(8) FAILURE TO PROVIDE/PAY MEAL AND REST BREAKS IN VIOLATION OF LABOR CODE AND WAGE ORDER;

(9) RETALIATION FO WHISTLEBLOWING UNDER CALIFORNIA LABOR CODE 1102.5;

(10) WRONGFUL TERMINATION/ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY;

(11) NEGLIGENT HIRING AND RETENTION;

(12) VIOLATION OF BUSINESS AND PROFESSION CODE §17200, ET SEQ.;

(13) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

[JURY TRIAL DEMANDED ON ALL ISSUES AND ALL CAUSES OF ACTION]

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. The following is pled on information and belief:

2. At all times mentioned in this complaint the Plaintiff EVELYN CRIDER-HALL (hereinafter referred to as "PLAINTIFF" or "Plaintiff" or "PLAINTIFF CRIDER-HALL" or "MS. CRIDER-HALL"), was and is a resident of the County of Los Angeles, California and was an employee of Defendant UFP Technologies, Inc.

3. At all times mentioned in this complaint, Defendant UFP TECHNOLOGIES, INC. and DOES 1-40, (hereinafter jointly referred to as "UFP TECH." or "DEFENDANT" or "Defendant EMPLOYER" or "EMPLOYER") was and is a Business Entity of Unknown Form doing business in California, and was conducting business in the County of Los Angeles, California.

4. At all times mentioned in this complaint, individual Defendant DAVID TACKMAN and DOES 41-90, (hereinafter jointly referred to as "TACKMAN") was a resident of California and

at all relevant times mentioned herein was acting in the capacity of an employee of UFP TECH and was supervising PLAINTIFF.

5. EMPLOYER employed PLAINTIFF to work for EMPLOYER in the county of Los Angeles, California.

6. The true names and capacities of the defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure Section 474. PLAINTIFF is informed and believes that the Doe defendants are California residents. PLAINTIFF will amend this complaint to show such true names and capacities when they have been determined.

7. PLAINTIFF is informed and believes, and thereby alleges, that each of the defendants herein was at all times the agent and/or employee of each of the remaining defendants, and was at all times mentioned, acting within the course and scope of said agency and/or employment, and each defendant was acting with the full knowledge and consent of his superior or principal, and each such principal or superior at all times ratified and acquiesced in each and every act of each defendant and agent thereof, and as such each defendant bound the other by its act and deed.

8. PLAINTIFF is informed and believes, and thereby allege, that each defendant, including all EMPLOYER defendants, acted as an integrated enterprise with the others, were alter egos of each other, were joint employers of the PLAINTIFF, were acting as partners, were successors in interest of the other, and/or were a joint venture during the employment of PLAINTIFF. Further, each of the DEFENDANTS aided, abetted, incited, compelled, and/or coerced one another, and/or conspired with one another, to do the acts alleged herein.

9. Whenever and wherever reference is made in this complaint to any act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts or failures to act of each defendant acting individually, jointly and severally.

10. DFEH EXHAUSTION AND VENUE: PLAINTIFF filed complaints against UFP

TECH. and TACKMAN with the Department of Fair Employment and Housing, thereby exhausting the administrative remedies. PLAINTIFF has received a letter from the Department of Fair Employment and Housing giving PLAINTIFF the right to sue UFP TECH. and TACKMAN. True and correct copies of the right to sue letters are attached hereto as Exhibit 1 and incorporated as though set forth herein. Further, venue in the Compton Courthouse is proper as PLAINTIFF worked for EMPLOYER at the 20211 South Susana Road, Compton, CA 90221 location.

11. PLAINTIFF is a 68-year-old, (DOB is November of 1949), African American woman.

12. EMPLOYER employed PLAINTIFF to work for EMPLOYER at its location in the city of Compton located in the County of Los Angeles.

13. PLAINTIFF was hired, on approximately January 5, 2015, by EMPLOYER as a Customer Specialist Representative, handling a variety of tasks but doing inside sales for EMPLOYER.

14. During PLAINTIFF'S employment, she was repeatedly subjected to a multitude of age discriminatory and harassing acts and conduct by EMPLOYER and its employees, including TACKMAN and others, who would make negative and derogatory comments about or to PLAINTIFF, and others, due to their age and for opposing practices forbidden by the Fair Employment and Housing Act, (hereinafter referred to as the "FEHA") including, but not limited to, repeatedly asking PLAINTIFF when she planned on retiring, telling PLAINTIFF she could not plan on working forever, continuously asking PLAINTIFF when she planned to stop working, badgering PLAINTIFF as to why she did not have a retirement age in mind, making threatening comments regarding PLAINTIFF'S job such as, your time is up, you should retire, your time with the company is almost over, as well as a variety of other age type comments, not considering PLAINTIFF for job promotions that she requested to be considered for, falsely claiming PLAINTIFF had trouble walking up the stairs, would get out of breath easily, and that she requested a chair after walking as well as a variety of other comments and conduct that was harassing to PLAINTIFF, and others, based on age. EMPLOYER and its employees, including TACKMAN

and others, demeaned and imposed abusive conduct upon PLAINTIFF and others, due to their age and reports of opposing practices forbidden by the FEHA. EMPLOYER and its employees, including TACKMAN and others, created a hostile work environment by harassing PLAINTIFF and others. Further, PLAINTIFF was subjected to continuous harassment, discrimination, and retaliation in the form of actions and abuse, a host of age discriminatory comments, negative behavior, discrimination, and retaliation. PLAINTIFF was subject to differential treatment because of her age, including, but not limited to, failing to consider PLAINTIFF for promotions. This hostility, harassment, discrimination, and retaliation was on a persistent basis, throughout PLAINTIFF'S employment with EMPLOYER. PLAINTIFF was not the only older employee that was harassed as employees of EMPLOYER also referred to other employees, who were close to PLAINTIFF'S age, as too old for the job, they will get to heaven before the manager, should retire and other age based harassing comments. PLAINTIFF, and others, were told they were too old to work on certain teams, not wanted due to their age and were excluded from certain teams.

15. PLAINTIFF reported the age harassment, discrimination, and hostile work environment to EMPLOYER, thereby opposing practices forbidden by the FEHA and public policy and had protected status under the FEHA and public policy.

16. In addition to the age discrimination, harassment, and retaliation PLAINTIFF had to endure from EMPLOYER, EMPLOYER and its employees, including TACKMAN and others, also subjected PLAINTIFF to continuous race, color, national origin, and ancestry discrimination, harassment, and retaliation by making negative and disparaging comments about or to PLAINTIFF and others due to their race, color, national origin, ancestry and for opposing practices forbidden by the FEHA (retaliatory harassment), such as, telling PLAINTIFF "black don't crack" in reference to her age and race, as well as a variety of other comments and conduct directed at PLAINTIFF and others due to their race, color, national origin, ancestry, and reports of opposing practices forbidden by the FEHA. Employees of EMPLOYER, including TACKMAN and others, created a hostile work environment by racially harassing PLAINTIFF and others. Further, PLAINTIFF was subjected to harassment, discrimination and retaliation in the form of actions and abuse, racial

comments, negative behavior, and retaliation. PLAINTIFF was subjected to differential treatment due to race as well in the form of lost/denied overtime, lost/denied pay raises, failure to promote, and other negative acts. Said racial comments and abuse was done on a persistent and repeated basis throughout PLAINTIFF'S employment with EMPLOYER.

17. PLAINTIFF reported the racial harassment, discrimination, and hostile work environment to EMPLOYER, thereby opposing practices forbidden by the FEHA and public policy and had protected status under the FEHA and public policy.

18. Instead of conducting a proper investigation into PLAINTIFF'S allegations of age and race discrimination, harassment, and retaliation and the hostile work environment, EMPLOYER discriminate against, harassed and retaliated against PLAINTIFF, as a result of PLAINTIFF'S protected status and protected activities, including subjecting PLAINTIFF to a variety of adverse actions including, but not limited to, actually and/or constructively discharging PLAINTIFF, subjecting PLAINTIFF to a hostile work environment, subjecting PLAINTIFF to retaliatory harassment, failing to prevent discrimination/harassment/retaliation towards PLAINTIFF, failing to re-hire PLAINTIFF, failing to re-employ PLAINTIFF, failing to reinstate PLAINTIFF, failing to pay PLAINTIFF all wages and commissions owed for her work with EMPLOYER, failing to promote PLAINTIFF, misclassifying PLAINTIFF as exempt, failing to pay PLAINTIFF overtime and pay/provide meal and/or rest breaks, subjecting PLAINTIFF to negligent hiring and retention of others, subjecting PLAINTIFF to intentional infliction of emotional distress, subjecting PLAINTIFF to unfair business practices and retaliation for whistleblowing, failing to maintain accurate FEHA/CFRA records, discriminating against PLAINTIFF on the terms, conditions, and privileges of employment as well as other adverse actions.

19. During PLAINTIFF'S tenure with EMPLOYER, she was a salary-based employee also receiving commission, who EMPLOYER willfully miscategorized as an exempt employee; therefore, PLAINTIFF was not paid for overtime and meal and/or rest breaks. PLAINTIFF was inside sales but did not receive more than 50% of her income in commissions. As such, PLAINTIFF could not be paid on a salary basis and was entitled to hourly pay, with overtime,

double time, paid rest breaks and meal breaks that were either paid or she was relieved of all duties during her lunch breaks, which was not the case for PLAINTIFF.

20. PLAINTIFF was actually and/or constructively discharged on approximately December 29, 2017 and has not worked for EMPLOYER since and has not been re-hired, re-employed, and/or reinstated by EMPLOYER.

21. Following PLAINTIFF'S termination, EMPLOYER failed to pay PLAINTIFF commission she had worked for and earned during her employment with EMPLOYER.

22. PLAINTIFF reported the owed commission to EMPLOYER, but EMPLOYER refused to pay her and continues to.

23. At all relevant times mentioned in this complaint, PLAINTIFF performed her job for EMPLOYER in a satisfactory and competent manner.

24. The damages sought by PLAINTIFF in this action far exceed the minimum jurisdictional amount of this court; and, as to that jurisdictional amount, this court has jurisdiction of this matter. PLAINTIFF has sustained general and special damages within the jurisdictional limits of this Court.

25. PLAINTIFF is informed and believe and, on that basis, allege, that EMPLOYER, TACKMAN, as well as other employees of EMPLOYER, have engaged, continue to engage, and will continue to engage in the foregoing conduct set forth in this complaint unless they are restrained from so doing. The conduct of EMPLOYER, TACKMAN, as well as other employees of EMPLOYER has injured PLAINTIFF, as well as others, and will continue to cause irreparable injury to PLAINTIFF, and others, who have no adequate remedy at law. Relief by damages alone for Defendant EMPLOYER, TACKMAN, as well as other employees of EMPLOYER, for their continuing conduct, would require a multiplicity of suits. Accordingly, PLAINTIFF is also entitled to injunctive and declaratory relief. PLAINTIFF seeks public injunctive relief including injunctions that benefit other employees, the public, permanent injunction, temporary injunctive and injunctive relief that benefits PLAINTIFF as well as the public.

26. The conduct which PLAINTIFF complains of in this complaint, and which is alleged

below, was carried out by EMPLOYER, TACKMAN, as well as other employees of EMPLOYER, willfully, intentionally, with oppression, malice, and fraud and was carried out with conscious disregard of PLAINTIFF'S rights as guaranteed by the state law pursuant to which PLAINTIFF is entitled to an award of exemplary damages according to proof.

27. PLAINTIFF has had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINITFF is entitled to an award of attorneys' fees and costs in an amount according to proof. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

28. PLAINTIFF seeks damages, attorney fees, costs, injunctive relief, declaratory relief and any other remedies that PLAINTIFF is entitled to under the law pursuant to the claims alleged in this complaint.

## FIRST CAUSE OF ACTION

AGE DISCRIMINATION IN VIOLATION OF THE FEHA

By PLAINTIFF Against Defendant EMPLOYER and Does 1-100

29. PLAINTIFF realleges and incorporates herein paragraphs 1 through 28 of this complaint as though fully set forth hereto.

30. Under the FEHA, Government Code section 12900 et. seq., it is an unlawful employment practice for an employer, because of a person's age, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful under the FEHA for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under the FEHA, or to attempt to do so. It is unlawful, under the FEHA, Government Code section 12900 et seq., for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment based on an employee's age.

31. Defendant EMPLOYER and each of them and/or their agents/employees discriminated against and retaliated against PLAINTIFF as to the terms, conditions, and privileges of employment, and committed adverse employment actions against PLAINTIFF, as stated below, all in violation of the FEHA.

32. PLAINTIFF'S protected status under the FEHA is PLAINTIFF'S age, which is over age 40. PLAINTIFF was 68-years-old at the time of her termination.

33. Defendant EMPLOYER knew, perceived, and/or believed that PLAINTIFF had the aforementioned protected status, described hereinabove.

34. At all times mentioned in this complaint, PLAINTIFF performed work for Defendant EMPLOYER competently and in a satisfactory manner.

35. Defendant EMPLOYER made decisions adverse to PLAINTIFF in regards to compensation and terms, conditions and privileges of employment, including subjecting PLAINTIFF to a variety of adverse actions including but not limited to, actually and/or constructively discharging PLAINTIFF, subjecting PLAINTIFF to a hostile work environment, failing to prevent discrimination/harassment/retaliation towards PLAINTIFF, failing to re-hire PLAINTIFF, failing to re-employ PLAINTIFF, failing to reinstate PLAINTIFF, failing to pay PLAINTIFF all wages and commissions owed for her work with EMPLOYER, failing to promote PLAINTIFF, misclassifying PLAINTIFF, failing to pay PLAINTIFF overtime and/or double time, failing to provide PLAINTIFF with paid rest breaks and paid meal breaks or breaks free of work, subjecting PLAINTIFF to negligent hiring and retention of others, subjecting PLAINTIFF to intentional infliction of emotional distress, subjecting PLAINTIFF to unfair business practices and retaliation for whistleblowing, failing to maintain accurate FEHA/CFRA records, discriminating against PLAINTIFF on the terms, conditions, and privileges of employment as well as other adverse actions.

36. PLAINTIFF'S age was a substantial motivating factor in Defendant EMPLOYER'S aforementioned decisions that were adverse to PLAINTIFF in regards to compensation and terms, conditions, and privileges of employment.

37. As a direct, legal, and proximate cause of PLAINTIFF'S aforementioned protected status, described hereinabove, EMPLOYER discriminated and harassed PLAINTIFF including but not limited to, the following ways: Employer hired and/or assigned employees, who did not have PLAINTIFF'S protected status, to assume the duties and responsibilities that PLAINTIFF had; the employees that Employer hired to assume the duties and responsibilities that PLAINTIFF had were not as qualified as PLAINTIFF to assume those duties and responsibilities; Employer made discriminatory statements based on PLAINTIFF's aforementioned protected status, as described hereinabove; Employer gave a false and pretextual reason for the adverse actions taken against PLAINTIFF; Employer treated PLAINTIFF differently than employees without the same protected status as the PLAINTIFF by giving those employees lesser or no discipline for the same or more grievous offenses than Employer charged PLAINTIFF with; Employer treated PLAINTIFF differently than employees without the same protected status also by giving them preferential treatment; Employer has a pattern and practice of discriminating against employees in the aforementioned protected status of PLAINTIFF, described hereinabove; and/or Employer implemented policies and procedures that had a disproportionate adverse impact on PLAINTIFF.

38. As a direct, legal, and proximate result of PLAINTIFF'S age, and/or protected status as stated above, Defendant EMPLOYER subjected PLAINTIFF to a variety of adverse actions, as stated above.

39. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered lost income, employment, medical expenses and career

opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

40. As a direct, foreseeable and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and severe emotional distress, the precise amount of which will be proven at trial.

41. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by the Employer willfully, intentionally, with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF's rights, and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Employer, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety of others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Employer.

42. PLAINTIFF had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

43. PLAINTIFF seeks declaratory relief that PLAINTIFF'S rights under the FEHA were violated, that Defendant EMPLOYER violated the FEHA, that training and education needs to occur at Defendant EMPLOYER'S workplace to get Defendant EMPLOYER to comply with the FEHA and other forms of declaratory relief.

44. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies they are entitled to under the law pursuant to the claims alleged in this complaint.

**SECOND CAUSE OF ACTION**

RACE/COLOR/NATIONAL ORIGIN/ANCESTRY DISCRIMINATION IN VIOLATION OF THE FEHA

By PLAINTIFF Against Defendant EMPLOYER and Does 1-100

45. PLAINTIFF realleges and incorporates herein paragraphs 1 through 28 of this complaint as though fully set forth hereto.

46. Under the FEHA, it is an unlawful employment practice for an employer, because of a person's race, color, ancestry, national origin, opposition to practices forbidden by the FEHA and for complaining of a hostile work environment, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful, under the FEHA, for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under the FEHA, or to attempt to do so. It is unlawful, under the FEHA, for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment based on those protected classes.

47. Defendant EMPLOYER and each of them and/or their agents/employees discriminated against and retaliated against PLAINTIFF as to the terms, conditions, and privileges of employment, and committed adverse employment actions against PLAINTIFF, as stated below, all in violation of the FEHA.

48. PLAINTIFF's protected status under the FEHA is PLAINTIFF'S

race/color/ancestry/national origin, which is African-American.

49. Defendant EMPLOYER knew, perceived, and/or believed that PLAINTIFF had the aforementioned protected status, described hereinabove.

50. At all times mentioned in this complaint, PLAINTIFF performed work for Defendant EMPLOYER competently and in a satisfactory manner.

51. Defendant EMPLOYER made decisions adverse to PLAINTIFF in regards to compensation and terms, conditions and privileges of employment, including subjecting PLAINTIFF to a variety of adverse actions including but not limited to, actually and/or constructively discharging PLAINTIFF, subjecting PLAINTIFF to a hostile work environment, failing to prevent discrimination/harassment/retaliation towards PLAINTIFF, failing to re-hire PLAINTIFF, failing to re-employ PLAINTIFF, failing to reinstate PLAINTIFF, failing to pay PLAINTIFF all wages and commissions owed for her work with EMPLOYER, failing to promote PLAINTIFF, misclassifying PLAINTIFF, failing to pay PLAINTIFF overtime and/or double time, failing to provide PLAINTIFF with paid rest breaks and paid meal breaks or breaks free of work, subjecting PLAINTIFF to negligent hiring and retention of others, subjecting PLAINTIFF to intentional infliction of emotional distress, subjecting PLAINTIFF to unfair business practices and retaliation for whistleblowing, failing to maintain accurate FEHA/CFRA records, discriminating against PLAINTIFF on the terms, conditions, and privileges of employment as well as other adverse actions.

52. PLAIINTIFF'S protected status under the FEHA, as set forth above, was a substantial motivating factor in Defendant EMPLOYER'S aforementioned decisions that were adverse to PLAINTIFF in regards to compensation and terms, conditions, and privileges of employment.

53. As a direct, legal, and proximate cause of PLAINTIFF'S aforementioned protected status, described hereinabove, Defendant EMPLOYER discriminated and harassed PLAINTIFF

including but not limited to, the following ways: Employer hired and/or assigned employees, who did not have PLAINTIFF'S protected status, to assume the duties and responsibilities that PLAINTIFF had; the employees that Employer hired to assume the duties and responsibilities that PLAINTIFF had were not as qualified as PLAINTIFF to assume those duties and responsibilities; Employer made discriminatory statements based on PLAINTIFF'S aforementioned protected status, as described hereinabove; Employer gave a false and pretextual reason for the adverse actions taken against PLAINTIFF; Employer treated PLAINTIFF differently than employees without the same protected status as the PLAINTIFF by giving those employees lesser or no discipline for the same or more grievous offenses than Employer charged PLAINTIFF with; Employer treated PLAINTIFF differently than employees without the same protected status also by giving them preferential treatment; Employer has a pattern and practice of discriminating against employees in the aforementioned protected status of PLAINTIFF, described hereinabove; statistically Employer's actions were discriminatory and/or Employer implemented policies and procedures that had a disproportionate adverse impact on PLAINTIFF.

54. As a direct, legal, and proximate result of PLAINTIFF'S protected status under the FEHA, as set forth above, Defendant EMPLOYER subjected PLAINTIFF to a variety of adverse actions, as stated above.

55. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered lost income, employment, medical expenses and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

56. As a direct, foreseeable and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment,

anger, loss of enjoyment of life, and severe emotional distress, the precise amount of which will be proven at trial.

57. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by the Employer willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF'S rights, and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Employer, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety or others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Employer.

58. PLAINTIFF had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof.

59. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

60. PLAINTIFF seeks declaratory and injunctive relief, including public injunctive relief that PLAINTIFF'S and others' rights under the FEHA were violated, that Defendant EMPLOYER violated the FEHA, that training and education needs to occur to get Defendant EMPLOYER to comply with the FEHA and other forms of declaratory and injunctive relief.

61. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies they are entitled to under the law pursuant to the claims alleged in this complaint.

**THIRD CAUSE OF ACTION**

RETALIATION FOR OPPOSING PRACTICES FORBIDDEN BY THE FEHA

By PLAINTIFF Against Defendant EMPLOYER and Does 1-100

62. PLAINTIFF realleges and incorporates herein paragraphs 1 through 61 of this complaint as though fully set forth hereto.

63. Under the FEHA, it is an unlawful employment practice for an employer because of a person's race, color, national origin, ancestry, association, a person's age, opposition to practices forbidden by the FEHA, reports of age and/or racial harassment and discrimination, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful, under the FEHA, for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under the FEHA, or to attempt to do so. It is unlawful, under FEHA, for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment based on those same protected classes.

64. Under the FEHA, it is an unlawful employment practice for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under the FEHA or because the person has filed a complaint, testified, or assisted in any proceedings under the FEHA.

65. Under the FEHA, it is a protected activity to oppose practices forbidden by the FEHA, to file and/or make a complaint with The Department of Fair Employment and Housing, participate or assist in any proceeding regarding and/or in support of a FEHA complaint or violation, assert rights pursuant to the FEHA, assist in or participate in investigating unlawful discrimination

and harassment, complain about, and/or report, unlawful discrimination, harassment and/or retaliation, complain about, and/or report, being retaliated against, discriminated against and/or harassed for opposing practices forbidden by the FEHA. It is unlawful, under the FEHA to aid, abet, incite, compel, or coerce the doing of any acts forbidden under the FEHA, and/or attempt to do so.

66. PLAINTIFF was engaged in protected activity when PLAINTIFF reported race/color/national origin/ancestry discrimination and harassment, reporting age discrimination and harassment, reported retaliation and retaliatory harassment, was a witness to harassment of others, reported retaliation for reporting a hostile work environment, reported a hostile work environment, opposed practices forbidden by the FEHA, participated/assisted in FEHA allegations, reported unlawful discrimination, retaliation and/or harassment.

67. Furthermore, when PLAINTIFF opposed practices forbidden by the FEHA by complaining and/or reporting the FEHA violations as stated above, PLAINTIFF was retaliated against. PLAINTIFF also complained and reported the retaliation against PLAINTIFF for opposing practices forbidden by the FEHA, and when doing so, PLAINTIFF had a protected status pursuant to the FEHA.

68. In addition, PLAINTIFF was a witness to the FEHA violations, was perceived as a witness to the FEHA violations, was identified as a witness to violations of discrimination, harassment and retaliation laws and was perceived as such. PLAINTIFF also provided evidence of discrimination, harassment and retaliation and corroborated violations of the FEHA, all of which is protected statuses/activities under the FEHA.

69. Defendant EMPLOYER knew, perceived, and/or believed that PLAINTIFF had the aforementioned protected status(es), described hereinabove.

70. At all times mentioned in this complaint, PLAINTIFF performed work for Defendant

EMPLOYER competently and in a satisfactory manner.

71. Defendant EMPLOYER and each of them and/or their agents/employees discriminated against and retaliated against PLAINTIFF as to the terms, conditions, and privileges of employment, and committed adverse employment actions against PLAINTIFF, as stated below, all in violation of the FEHA.

72. Defendant EMPLOYER retaliated against PLAINTIFF for opposing practices forbidden by the FEHA, and /or because of their protected status, as stated above, all in violation of the FEHA.

73. Defendant EMPLOYER made decisions adverse to PLAINTIFF in regards to compensation and terms, conditions and privileges of employment, including subjecting PLAINTIFF to a variety of adverse actions including but not limited to, actually and/or constructively discharging PLAINTIFF, subjecting PLAINTIFF to a hostile work environment, failing to prevent discrimination/harassment/retaliation towards PLAINTIFF, failing to re-hire PLAINTIFF, failing to re-employ PLAINTIFF, failing to reinstate PLAINTIFF, failing to pay PLAINTIFF all wages and commissions owed for her work with EMPLOYER, failing to promote PLAINTIFF, misclassifying PLAINTIFF, failing to pay PLAINTIFF overtime and/or double time, failing to provide PLAINTIFF with paid rest breaks and paid meal breaks or breaks free of work, subjecting PLAINTIFF to negligent hiring and retention of others, subjecting PLAINTIFF to intentional infliction of emotional distress, subjecting PLAINTIFF to unfair business practices and retaliation for whistleblowing, failing to maintain accurate FEHA/CFRA records, discriminating against PLAINTIFF on the terms, conditions, and privileges of employment as well as other adverse actions.

74. The PLAINTIFF'S protected status, as set forth above, including opposition to practices forbidden by the FEHA, as well as other protected activities, was a substantial motivating

factor in Defendant EMPLOYER'S decisions that were adverse to PLAINTIFF.

75. As a direct, legal, and proximate cause of PLAINTIFF'S aforementioned protected status, described hereinabove, Employer discriminated and harassed PLAINTIFF including, but not limited to, the following ways: Employer hired and/or assigned employees, who did not have PLAINTIFF's protected status, to assume the duties and responsibilities that PLAINTIFF had; the employees that Employer hired to assume the duties and responsibilities that PLAINTIFF had were not as qualified as PLAINTIFF to assume those duties and responsibilities; Employer made discriminatory statements based on PLAINTIFF's aforementioned protected status, as described hereinabove; Employer gave a false and pretextual reason for the adverse actions taken against PLAINTIFF; Employer treated PLAINTIFF differently than employees without the same protected status as the PLAINTIFF by giving those employees lesser or no discipline for the same or more grievous offenses than Employer charged PLAINTIFF with; Employer treated PLAINTIFF differently than employees without the same protected status also by giving them preferential treatment; Employer has a pattern and practice of discriminating against employees with the aforementioned protected status of PLAINTIFF, described hereinabove; statistically EMPLOYER'S actions were discriminatory and/or Employer implemented policies and procedures that had a disproportionate adverse impact on PLAINTIFF.

76. As a direct, legal, and proximate result of PLAINTIFF'S protected status, as stated above, Defendant EMPLOYER subjected PLAINTIFF to a variety of adverse actions, as stated above.

77. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered lost income, employment, medical expenses and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of

which will be proven at trial.

78. As a direct, foreseeable and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and severe emotional distress, the precise amount of which will be proven at trial.

79. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by the Employer willfully, intentionally, with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF'S rights, and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Employer, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety of others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Employer.

80. PLAINTIFF had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof.

81. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

82. PLAINTIFF seeks declaratory and injunctive relief, including public injunctive relief, that PLAINTIFF's and others' rights under the FEHA were violated, that Defendant EMPLOYER violated the FEHA, that training and education needs to occur to get Defendant EMPLOYER to comply with the FEHA and other forms of declaratory and injunctive relief.

83. EMPLOYEE seeks injunctive and/or declaratory relief and any other remedies she/the public are entitled to under the law pursuant to the claims alleged in this complaint.

**FOURTH CAUSE OF ACTION**

HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FEHA

By PLAINTIFF against Defendant EMPLOYER, TACKMAN, and Does 1-100

84. PLAINTIFF realleges and incorporates herein paragraphs 1 through 83 of this complaint as though fully set forth.

85. Under the FEHA, Government Code section 12940 et. seq., it is an unlawful employment practice to harass a person because of the person's race, color, national origin, ancestry, a person's age, for opposing practices forbidden by the FEHA (retaliatory harassment), for being a witness in FEHA claims/investigations, for being perceived as a witness, and for supplying information of discrimination, harassment, and/or retaliation. Further, it is unlawful under the FEHA, to aid, abet, incite, compel, or coerce the doing of any acts forbidden under the FEHA, and/or attempt to do so.

86. Under the FEHA, Government Code section 12940 et seq., it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation in violation of the FEHA. It is unlawful, under the FEHA, Government Code section 12900 et seq., for an employer to fail to take immediate and appropriate corrective action to end unlawful harassment.

87. Under the FEHA, it is an unlawful employment practice for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under the FEHA or because the person has filed a complaint, testified, or assisted in any proceedings under the FEHA.

88. Under the FEHA, it is an unlawful employment practice for an employer to create a hostile work environment and subject employees to offensive, discriminatory and harassing conduct because an employee has a protected status, as stated above, asserts rights under pursuant to the FEHA, opposes practices forbidden by the FEHA and/or because the employee complained about the FEHA violations as stated above.

89. PLAINTIFF'S protected status under the FEHA was PLAINTIFF being subject to harassment because of her age, race, color, national origin, and/or ancestry, opposing practices forbidden by the FEHA, complaining/reporting about the FEHA violations, for being perceived as a witness in FEHA claims/investigations, and being retaliated against because of complaining/reporting the FEHA violations.

90. Defendant EMPLOYER, TACKMAN, and other employees of Defendant EMPLOYER knew, perceived, and/or believed that PLAINTIFF had the aforementioned protected status, described hereinabove.

91. Defendant EMPLOYER, TACKMAN and other employees of Defendant EMPLOYER and each of them and/or their agents/employees engaged in a pattern and practice of unlawful discrimination, harassment, and retaliation in violation of the FEHA, as stated above, which was so severe and pervasive that it created a hostile work environment for PLAINTIFF because of her protected status(es).

92. As a direct, legal, and proximate cause of PLAINTIFF'S aforementioned protected status, described hereinabove, and in addition to, and as part of the hostile work environment, Defendant EMPLOYER, TACKMAN, and other employees discriminated against, harassed and retaliated against PLAINTIFF including, but not limited to, the following ways: Employer hired and/or assigned employees, who did not have PLAINTIFF'S protected status, to assume the duties

and responsibilities that PLAINTIFF had; the employees that Employer hired to assume the duties and responsibilities that PLAINTIFF had were not as qualified as PLAINTIFF to assume those duties and responsibilities; Employer regularly and repeatedly spoke to PLAINTIFF disrespectfully and made derogatory statements to PLAINTIFF; Employer repeatedly made offensive and insulting comments toward PLAINTIFF; Employer repeatedly retaliated against PLAINTIFF for complaining about the FEHA violations; Employer gave a false and pretextual reasons for the adverse actions taken against PLAINTIFF; Employer treated PLAINTIFF differently than employees, without the same protected status as the PLAINTIFF, by giving those employees lesser or no discipline for the same or more grievous offenses than Employer charged PLAINTIFF with; Employer treated PLAINTIFF differently than employees, without the same protected status as the PLAINTIFF, by giving them preferential treatment; Employer has a pattern and practice of discriminating against employees in the aforementioned protected status of PLAINTIFF, described hereinabove; statistically Employer's actions were discriminatory and/or Employer implemented policies and procedures that had a disproportionate adverse impact on PLAINTIFF.

93. PLAINTIFF complained/reported the FEHA violations, as stated above, to Defendant EMPLOYER, but Defendant EMPLOYER, TACKMAN, and other employees of EMPLOYER failed to provide PLAINTIFF a work environment that was free from unlawful discrimination, harassment and retaliation, and failed to take immediate appropriate action to stop the unlawful harassment that was occurring, all in violation of the FEHA.

94. PLAINTIFF'S protected status, as stated above, was a substantial motivating factor for the harassment of PLAINTIFF in Defendant EMPLOYER'S workplace.

95. The aforementioned harassing and retaliatory conduct, described hereinabove, was unwelcome and sufficiently severe and pervasive that it had the purpose and effect of altering the

conditions of PLAINTIFF'S employment and created an intimidating, hostile, abusive, and offensive working environment for PLAINTIFF because of her protected status(es), as stated above.

96. The environment created by the aforementioned harassing and retaliatory conduct, described hereinabove, would have been perceived as intimidating, hostile, abusive, and offensive by a reasonable person in the same positions as PLAINTIFF.

97. The environment created by the aforementioned harassing and retaliatory conduct, described hereinabove, was perceived by PLAINTIFF as intimidating, hostile, abusive, and offensive.

98. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S, TACKMAN'S, and other employees of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered lost income, employment, medical expenses and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

99. As a direct, foreseeable and proximate result of Defendant EMPLOYER'S, TACKMAN'S, and other employees of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and severe emotional distress, the precise amount of which will be proven at trial.

100. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by Defendant EMPLOYER, TACKMAN, and other employees of Defendant EMPLOYER willfully, intentionally, with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF'S rights, and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director

and/or managing agent of Employer, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety or others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Employer and was committed by Defendant EMPLOYER, TACKMAN, and other employees of Defendant EMPLOYER.

101. PLAINTIFF had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof.

102. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

103. PLAINTIFF seeks declaratory and injunctive relief, including public injunctive relief, that PLAINTIFF'S and others' rights under the FEHA were violated, that Defendant EMPLOYER, TACKMAN, and other employees of Defendant EMPLOYER violated the FEHA, that training and education needs to occur to get Defendant EMPLOYER, TACKMAN, and other employees of Defendant EMPLOYER to comply with the FEHA and other forms of declaratory and injunctive relief.

104. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies she is entitled to under the law pursuant to the claims alleged in this complaint.

## **FIFTH CAUSE OF ACTION**

FAILURE TO DO EVERYTHING REASONABLY NECESSARY TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION FROM OCCURING IN VIOLATION OF THE FEHA

By PLAINTIFF against Defendant EMPLOYER and Does 1-100

105. PLAINTIFF realleges and incorporates herein paragraphs 1 through 104 of this complaint as though fully set forth hereto.

106. Under the FEHA, it is an unlawful practice for employers, labor organizations, and employment agencies to fail to maintain and preserve any and all applications, personnel, membership, or employment referral records and files for a minimum period of two years after the records and files are initially created or received, or for employers to fail to retain personnel files of applicants or terminated employees for a minimum period of two years after the date of the employment action taken. Additionally, upon notice that a complaint against it has been filed with the Department of Fair Employment and Housing, any such employer, labor organization, or employment agency shall maintain and preserve any and all records and files until the complaint is fully and finally disposed of and all appeals or related proceedings terminated.

107. Under the FEHA, all personnel or other employment records made or kept by any employer or other covered entity dealing with any employment practice and affecting any employment benefit of any applicant or employee (including all applications, personnel, membership or employment referral records or files) shall be preserved by the employer for a period of two years from the date of the making of the record or the date of the personnel action involved such as a termination, whichever occurs later.

108. Under the FEHA, Government Code section 12940 et. seq., it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring. It is unlawful, under the FEHA to aid, abet, incite, compel, or coerce the doing of any acts forbidden under the FEHA, and/or attempt to do so.

109. It is unlawful, under the FEHA, Government Code section 12900 et seq., for an

employer to fail to take immediate and appropriate corrective action to end unlawful harassment.

110. It is unlawful, under the FEHA, Government Code section 12900 et seq., for an employer to fail to investigate a complaint by an employee regarding the FEHA violations as stated above.

111. Defendant EMPLOYER failed to train its managers, supervisors, and/or human resource employees of the duties and responsibilities under the FEHA as stated above.

112. Defendant EMPLOYER failed to comply with its duties and responsibilities pursuant to the FEHA, CFRA, public policy and related regulations as stated above.

113. Defendant EMPLOYER knew and/or should have known of the aforementioned unlawful harassing, retaliatory, and/or discriminatory conduct, described hereinabove, all in violation of the FEHA.

114. Defendant EMPLOYER failed to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring to PLAINTIFF, all in violation of the FEHA.

115. Defendant EMPLOYER failed to take immediate appropriate corrective action to end unlawful harassment to PLAINTIFF, all in violation of the FEHA.

116. Defendant EMPLOYER failed to investigate the FEHA violations when it knew or should have known they were occurring, and/or when PLAINTIFF complained/reported, as stated above, all in violation of the FEHA.

117. Defendant EMPLOYER failed to maintain all employment records related to PLAINTIFF for two years after her termination and/or after Defendant EMPLOYER was notified PLAINTIFF had filed a complaint against Defendant EMPLOYER with the Department of Fair Employment and Housing, and the failure to maintain records was all in violation of the FEHA.

118. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered lost income, employment, and career opportunities, medical expenses and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

119. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered and continues to suffer pain and suffering, great anxiety, embarrassment, anger, loss of enjoyment of life, pain and suffering, and severe emotional distress, the precise amount of which will be proven at trial.

120. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has been damaged because they will not have records and evidence that Defendant EMPLOYER had a duty to maintain, and/or had a duty to create, which would have supported PLAINTIFF'S claims, as stated above, and would have been evidence at the trial in this matter.

121. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by the Employer willfully, intentionally, with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF'S rights, and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Employer, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety or others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Employer.

122. PLAINTIFF had to employ an attorney to prosecute this action and has thereby

incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof.

123. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

124. PLAINTIFF seeks declaratory relief that PLAINTIFF'S rights under the FEHA were violated, that Defendant EMPLOYER violated the FEHA, that training and education needs to occur to get Defendant EMPLOYER to comply with the FEHA and other forms of declaratory relief.

125. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies they are entitled to under the law pursuant to the claims alleged in this complaint.

**SIXTH CAUSE OF ACTION**

NON-PAYMENT OF WAGES, INCLUDING OVERTIME, IN VIOLATION OF FLSA, ET SEQ.

By PLAINTIFF against Defendant EMPLOYER and Does 1-100

126. PLAINTIFF realleges and incorporates herein paragraphs 1 through 28 of this complaint as though fully set forth hereto.

127. Under federal law, namely, the Fair Labor Standards Act (hereinafter "FLSA"), no employer shall employ its employees, for a workweek exceeding forty hours, unless the employee is compensated for their employment at a rate not less than one and one-half times the regular rate at which they are employed. 29 U.S.C. §207. Employees must be paid for work suffered or permitted.

128. Pursuant to 29 U.S.C. §203(g), 29 C.F.R. §785.11, and 29 C.F.R. §785.13, despite an employee failing to report overtime worked or an employer's policy prohibiting overtime, if the employer was aware or should have been aware that an employee was working overtime, the employer must pay the employee for the time worked. (*See* Forrester v. Roth's I.G.A. Foodliner, Inc. (9th Cir. 1981) 646F. 2d 413, 414).

129. Pursuant to 29 U.S.C. §216, an employer who violates the provisions of 29 U.S.C. §§206 or 207 of this Act, shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Moreover, the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. Additionally, 29 U.S.C. §217 allows injunctive relief for violations of 29 U.S.C. §215(a)(2), when payment of minimum wages or overtime compensation have been unlawfully withheld from an employee by an employer.

130. Defendant EMPLOYER did not pay PLAINTIFF for all hours she worked at the proper rate of pay, including an overtime rate of pay, as required pursuant to the FLSA. Further, Defendant EMPLOYER failed to timely pay PLAINTIFF at an overtime rate of pay when the FLSA required Defendant EMPLOYER to do so and failed to ever fully pay PLAINTIFF for her overtime pay. Further, Defendant EMPLOYER did not pay PLAINTIFF for all the hours she worked and/or reported working at the proper rate of pay.

131. At all times mentioned in this complaint, PLAINTIFF performed work for Defendant EMPLOYER in a satisfactory manner and PLAINTIFF was/is entitled to be paid at the proper rate of pay for all hours that PLAINTIFF worked including overtime for each hour over 40 worked in a week.

132. Defendant EMPLOYER has failed to pay PLAINTIFF at the proper rate of pay, and/or pay overtime when PLAINTIFF was entitled to be paid overtime, as required by Federal law, in an amount that will be proven at trial.

133. Defendant EMPLOYER has failed to pay PLAINTIFF for all the hours she worked, as required by Federal law, in an amount that will be proven at trial.

134. Defendant EMPLOYER owes PLAINTIFF wages for not paying PLAINTIFF for all the hours PLAINTIFF worked and for not paying PLAINTIFF at the proper rate of pay for all the overtime hours she worked, in an amount that will be proven at trial.

135. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as described above, PLAINTIFF has suffered lost income/unpaid wages/overtime pay, the precise amount of which will be proven at trial.

136. As further direct, legal and proximate result of Defendant EMPLOYER'S conduct, PLAINTIFF was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees and costs according to proof.

137. As a proximate result of Defendant EMPLOYER'S unlawful acts, PLAINTIFF has been deprived wages, overtime and other compensation in amounts according to proof at the time of trial. Further, EMPLOYER owes PLAINTIFF liquidated damages, attorney fees, costs, prejudgment interest and is subject to injunctive relief against it and in favor of PLAINTIFF.

**SEVENTH CAUSE OF ACTION**

NON-PAYMENT OF WAGES, INCLDUING OVERTIME AND COMMISSION, IN VIOLATION OF DLSE, LABOR CODE, ET SEQ.

By PLAINTIFF against Defendant EMPLOYER and Does 1-100

138. PLAINTIFF realleges and incorporates herein paragraphs 1 through 28 of this complaint as though fully set forth hereto.

139. Under the Division of Labor Standards Enforcement (hereinafter "DLSE"), California Labor Code, Industrial Wage Orders, and common law no employer shall employ any covered employee without paying said employee wages for the time worked by said employee and at the proper rate of pay. Under the DLSE, Labor Code, Industrial Wages Orders and common law any

employer who suffers or permits an employee to work owes said employee for all hours worked, and at the proper rate of pay, even if the hours were not authorized by the employer to be worked. This includes lunch breaks, which the employer does not allow the employee to leave or relieve the employee of all duties. Those are considered on-duty breaks for which the employee must be paid. This is included in, including but not limited to, California Labor Code sections, 201, 202, 216 et. seq., 1173-1174, 1199, Labor Code section 512, 226.7 et. seq., California Code of Regulations section 11040, et. seq.

140. Pursuant to Labor Code sections 203, 204, 215, 216, 226, 226.6, 510(a), 558, 1194, 1198, and 1199, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the applicable wage orders, including but not limited to failing to keep records of and correctly report hours worked.

141. Labor Code §510, California Code of Regulations, Title 8, §§11010 through 11170, and Industrial Welfare Commission Wage Orders 1-2001 through 17-2001, as well as other laws and regulations in place at the time of Plaintiff's employment with Employer regarding the proper payment of overtime constitute and embody fundamental, substantial, and well-established California public policy.

142. Defendant EMPLOYER did not pay PLAINTIFF for all hours she worked at the proper rate of pay as required pursuant to the DLSE, Labor Code and Wage Orders. Defendant EMPLOYER failed to timely pay PLAINTIFF at an overtime/double time rate of pay when the DLSE, Labor Code and/or Wage Orders required Defendant EMPLOYER to do so and failed to ever fully pay PLAINTIFF for her overtime/double time pay. Defendant EMPLOYER did not pay PLAINTIFF for all the hours she worked and/or reported working. Further, Defendant EMPLOYER did not pay PLAINTIFF commission she had earned and, therefore, was owed at the time of

termination.

143. At all times mentioned in this complaint, PLAINTIFF performed work for Defendant EMPLOYER in a satisfactory manner and PLAINTIFF was/is entitled to be paid at the proper rate of pay for all hours that PLAINTIFF worked.

144. Defendant EMPLOYER has failed to pay PLAINTIFF at the proper rate of pay, and/or pay overtime/double time when PLAINTIFF was entitled to be paid overtime/double time, and has failed to pay PLAINTIFF commission she earned and was entitled to as required by California law, in an amount that will be proven at trial.

145. Defendant EMPLOYER has failed to pay PLAINTIFF for all the hours she worked and the commission she earned, as required by California law, in an amount that will be proven at trial.

146. Defendant EMPLOYER owes PLAINTIFF wages for not paying PLAINTIFF for all the hours PLAINTIFF worked, for not paying PLAINTIFF at the proper rate of pay for all the overtime/double time hours she worked, and for not paying PLAINTIFF the commission she earned while being employed by Defendant EMPLOYER, in an amount that will be proven at trial.

147. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as described above, PLAINTIFF has suffered lost income/unpaid wages/overtime pay and/or double time pay, the precise amount of which will be proven at trial.

148. As further direct, legal and proximate result of Defendant EMPLOYER'S conduct, PLAINTIFF was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees and costs according to proof.

149. Labor Code section 201 requires an employer who terminates an employee to pay compensation due and owing to said employee immediately upon termination. Labor Code section

203 provides that if an employer willfully fails to pay compensation promptly upon termination, as required by section 201, the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

150. Defendant EMPLOYER willfully failed and refused, and continue to willfully fail and refuse, to timely pay compensation and wages, including unpaid wages and overtime pay, premium pay, and other pay, to PLAINTIFF whose employment was terminated/ended. As a result, Defendant EMPLOYER is liable to PLAINTIFF for waiting time penalties pursuant to California Labor Code §203.

151. As a proximate result of Defendant EMPLOYER'S unlawful acts, PLAINTIFF has been deprived wages, overtime/double time and other compensation in amounts according to proof at the time of trial. Further, PLAINTIFF is entitled to injunctive relief, prejudgment interest, penalties, liquidated damages and declaratory relief. Pursuant to Labor Code sections 1194, 1194.2, 1194.5, 1197.1, 1197.2, PLAINTIFF is entitled to restitution of wages, liquidated damages, penalties pursuant to section 1197.1, attorney fees, costs and injunctive relief for failure to pay the applicable minimum wage, all of which PLAINTIFF requests.

**EIGHTH CAUSE OF ACTION**

FAILURE TO PROVIDE/PAY MEAL AND RESTBREAKS IN VIOLATION OF LABOR CODE AND WAGE ORDER

By PLAINTIFF against Defendant EMPLOYER and Does 1-100

152. PLAINTIFF realleges and incorporates herein paragraphs 1 through 28 of this complaint as though fully set forth hereto.

153. Under the Division of Labor Standards Enforcement (hereinafter "DLSE"), California Labor Code, Industrial Wage Orders and common law state that no employer shall employ any

covered employee without paying said employee wages for the time worked by said employee and at the proper rate of pay. Under the DLSE, Labor Code, Industrial Wages Orders and common law any employer who suffers or permits an employee to work owes said employee for all hours worked, and at the proper rate of pay, even if the hours were not authorized by the employer to be worked. This includes lunch breaks, which the employer does not allow the employee to leave or relieve the employee of all duties. Those are considered on-duty breaks for which the employee must be paid. This is included in, including but not limited to, California Labor Code sections, 201, 202, 216 et. seq., 1173-1174, 1199, Labor Code section 512, 226.7 et. seq., California Code of Regulations section 11040, et. seq.

154. Pursuant to Labor Code sections 203, 204, 215, 216, 226, 226.6, 510(a), 558, 1194, 1198, and 1199 it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the applicable wage orders, including, but not limited to, failing to keep records of and correctly report hours worked.

155. Labor Code §510, California Code of Regulations, Title 8, §§11010 through 11170, and Industrial Welfare Commission Wage Orders 1-2001 through 17-2001, as well as other laws and regulations in place at the time of Plaintiff's employment with Employer regarding the proper payment of overtime constitute and embody fundamental, substantial, and well-established California public policy.

156. Both the Labor Code §512 and the Industrial Wage Orders prohibit an employer from employing an employee for a work period for more than five hours without providing a meal period of at least 30 minutes. Additionally, additional meal periods must be provided by an employer if the employee works more than 10 hours, except if the total hours worked is not more than 12 hours. In order for an employer to satisfy its obligation to provide meal breaks the employee must be relieved

of all duties during the break; the employee must be allowed to relinquish control over their activities; the employee must be permitted a reasonable opportunity to take an uninterrupted 30-minute break and the Employer must not impede or discourage the employee from taking a meal break.

157. The California Industrial Wage Orders require an employer of a non-exempt employee to authorize and permit rest periods of 10 minutes for each four consecutive hours worked, or major fraction thereof. Additionally, rest periods must fall in the middle of the work periods so far as practicable. An employee who works 3.5 to 6 hours is entitled to a 10 minute rest period; an employee who works over 6 hours and up to 10 hours is entitled to two 10 minute rest periods; and employee who works over 10 hours up to 14 hours is entitled to three 10 minute rest periods, and an employee who works over 14 hours up to 18 hours is entitled to four 10 minute rest periods; etc.

158. California Labor Code §226.7 prohibits employers from requiring employees to work during any meal or rest period mandated by the Wage Orders. Under Labor Code §226.7, an employer must pay a premium one additional hour's pay for each work day the meal or rest period is not provided. An employer may be liable for up to two premiums per day for failing to provide one or more meal or rest periods. The employer must pay the premium in addition to the compensation owed for the worked time, including time worked during the missed meal or rest period. Additionally, Industrial Wage Orders authorize a premium to apply when employers violate the state meal or rest period requirements.

159. PLAINTIFF was denied meal and/or rest periods by Defendant EMPLOYER and/or not paid for such break periods.

160. PLAINTIFF was not paid for her rest break periods, PLAINTIFF'S rest break periods were not separately compensated on an itemized wage statement, PLAINTIFF was not paid the

higher of the average hourly rate and/or the applicable minimum wage for PLAINTIFF'S rest breaks.

161. Further, during meal and/or rest periods, PLAINTIFF was not relieved of all duties, was not allowed to relinquish control over PLAINTIFF'S work activities, Defendant EMPLOYER did not provide a reasonable opportunity to take a meal and/or rest break, and/or the Defendant EMPLOYER impeded and discouraged the taking of a meal and/or break.

162. PLAINTIFF was not compensated for the lack of meal breaks, PLAINTIFF was not allowed to take meal breaks, yet PLAINTIFF was not paid for those breaks, PLAINTIFF was not relieved of all her duties during meal breaks, yet was not paid for those breaks, PLAINTIFF was not paid for missed meal break periods, PLAINTIFF'S missed meal break periods were not separately compensated on an itemized wage statement, PLAINTIFF was not paid the higher of the average hourly rate and/or the applicable minimum wage for PLAINTIFF'S meal breaks.

163. Defendant EMPLOYER denied, discouraged and failed to provide meal and/or rest periods as required by law, in an amount that will be proven at trial.

164. Defendant EMPLOYER owes PLAINTIFF wages of the higher of the average hourly rate or the applicable minimum wage, for each uncompensated meal and rest break, pursuant to proof at trial.

165. Defendant EMPLOYER owes PLAINTIFF premium pay pursuant to Labor Code §226.7 and Wage Orders for each day PLAINTIFF was denied, did not take and/or was failed to be provided the opportunity to take a meal and/or rest break. Said penalty is one for each violation of meal and/or rest breaks for each day.

166. At all times mentioned in this complaint, PLAINTIFF performed work for Defendant EMPLOYER in a satisfactory manner and PLAINTIFF was/is entitled to be paid at the proper rate of

pay for all hours that PLAINTIFF worked.

167. Defendant EMPLOYER has failed to pay PLAINTIFF for all the hours PLAINTIFF worked, at the proper rate of pay, as required by California law, in an amount that will be proven at trial.

168. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as described above, PLAINTIFF is entitled to premium pay pursuant to Labor Code section 226.2, section 226.7 and/or Wage Orders, the precise amount of which will be proven at trial.

169. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as described above, PLAINTIFF has suffered lost income/unpaid wages/penalties, unpaid meal and/or rest break pay, the precise amount of which will be proven at trial.

170. As further direct, legal, and proximate result of EMPLOYER'S conduct, PLAINTIFF was caused to and did employ the services of counsel to prosecute this action and is accordingly entitled to an award of attorneys' fees and costs according to proof.

171. California Labor Code section 201 requires an employer who terminates an employee to pay compensation due and owing to said employee immediately upon termination. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon termination, as required by section 201, the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

172. Defendant EMPLOYER willfully failed and refused, and continue to willfully fail and refuse, to timely pay compensation and wages, including unpaid wages and meal and/or rest break pay, premium pay, and other pay to PLAINTIFF whose employment was terminated/ended. As a result, Defendant EMPLOYER is liable to PLAINTIFF for waiting time penalties pursuant to California Labor Code §203.

173. As a proximate result of EMPLOYER'S unlawful acts, PLAINTIFF has been deprived wages, meal and/or rest break pay, proper wage statements, and other compensation in amounts according to proof at the time of trial.

174. PLAINTIFF is also entitled to pre-judgment interest for interest on the amount of lost wages, the precise amount of which will be proven at trial.

175. PLAINTIFF is also entitled to penalties under California Labor Code section 558.

176. PLAINTIFF is also entitled to penalties under California Labor Code section 203.

177. Pursuant to Labor Code sections 1194, 1194.2, 1194.5, 1197.1, 1197.2, PLAINTIFF is entitled to restitution of wages, liquidated damages, penalties pursuant to section 1197.1, attorney fees, costs and injunctive relief for failure to pay the applicable minimum wage, all of which PLAINTIFF requests.

## NINTH CAUSE OF ACTION

RETALIATION FOR WHISTLEBLOWING UNDER CALIFORNIA LABOR CODE 1102.5

By PLAINTIFF against Defendant EMPLOYER and Does 1-100

178. Plaintiff realleges and incorporates herein paragraphs 1 through 177 of this complaint as though fully set forth.

179. Pursuant to California Labor Code section 1102.5, an employee is protected from adverse action, including discrimination, harassment, and retaliation for engaging in whistleblowing activities.

180. PLAINTIFF was an employee of Defendant EMPLOYER.

181. Defendant EMPLOYER believed that PLAINTIFF had disclosed and/or might disclose to a government entity, as well as internally to Defendant EMPLOYER, including employees of Defendant EMPLOYER, violations of federal, state, and local laws and regulations.

182. PLAINTIFF reported to Defendant EMPLOYER violations of federal, state and local laws and regulations.

183. PLAINTIFF refused to engage in violations of federal, state, and local laws and regulations and reports as such to Defendant EMPLOYER.

184. PLAINTIFF had reasonable cause to believe that the information disclosed a violation of federal, state, and/or local laws and regulations and/or noncompliance with federal, state, and/or local laws and regulations.

185. PLAINTIFF exhausted the necessary internal remedies, if any, before bringing this claim. Defendant EMPLOYER made decisions adverse to PLAINTIFF in regards to compensation and terms, conditions and privileges of employment, including subjecting PLAINTIFF to a variety of adverse actions including but not limited to, actually and/or constructively discharging PLAINTIFF, subjecting PLAINTIFF to a hostile work environment, failing to prevent discrimination/harassment/retaliation towards PLAINTIFF, failing to re-hire PLAINTIFF, failing to re-employ PLAINTIFF, failing to reinstate PLAINTIFF, failing to pay PLAINTIFF all wages and commissions owed for her work with EMPLOYER, failing to promote PLAINTIFF, misclassifying PLAINTIFF, failing to pay PLAINTIFF overtime and/or double time, failing to provide PLAINTIFF with paid rest breaks and paid meal breaks or breaks free of work, subjecting PLAINTIFF to negligent hiring and retention of others, subjecting PLAINTIFF to intentional infliction of emotional distress, subjecting PLAINTIFF to unfair business practices and retaliation for whistleblowing, failing to maintain accurate FEHA/CFRA records, discriminating against PLAINTIFF on the terms, conditions, and privileges of employment as well as other adverse actions.

186. PLAINTIFF'S activities that were covered by California Labor Code section 1102.5 was a contributing factor and/or substantial motivating factor in the above referenced adverse

actions.

187. PLAINTIFF was harmed.

188. As a direct, legal, and proximate result of PLAINTIFF'S protected status, as stated above, Defendant EMPLOYER subjected PLAINTIFF to a variety of adverse actions, as stated above.

189. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered lost income, employment, medical expenses and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

190. As a direct, foreseeable and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and severe emotional distress, the precise amount of which will be proven at trial.

191. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by Defendant EMPLOYER willfully, intentionally, with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF'S rights and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Defendant EMPLOYER, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety of others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant EMPLOYER.

192. PLAINTIFF had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

193. PLAINTIFF seeks declaratory and injunctive relief, including public injunctive relief, that PLAINTIFF'S rights under the Labor Code were violated, that Defendant EMPLOYER violated the Labor Code, that training and education needs to occur at Defendant EMPLOYER'S workplace to get Defendant EMPLOYER to comply with the Labor Code and other forms of declaratory and injunctive relief.

194. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies they are entitled to under the law pursuant to the claims alleged in this complaint.

**TENTH CAUSE OF ACTION**

WRONGFUL TERMINATION/ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY

By PLAINTIFF against Defendant EMPLOYER and Does 1-100

195. PLAINTIFF realleges and incorporates herein paragraphs 1 through 194 of this complaint as though fully set forth.

196. The FEHA, Government Code §12900 et seq., and its complimentary regulations, as stated above, constitute and embody fundamental, substantial, and well-established California public policy. Accordingly, violations of the FEHA and its complimentary regulations by an employer, and/or terminating and/or doing adverse employment actions to employees because of their protected statuses created by the FEHA, also violates California public policies because California public policies are delineated by the FEHA and its related regulations.

197. The FEHA, Government Code §12900 et seq., as stated above, constitute and embody fundamental, substantial, and well-established California public policy. Accordingly, when employees assert rights and/or have a protected status pursuant to the FEHA, the employee also has a protected status pursuant to California public policy.

198. PLAINTIFF had protected status under the FEHA because of her age, being over 40-years-old, race/color/national origin/ancestry, for opposing practices forbidden by the FEHA, for making complaints/reporting the FEHA violations, and for asserting her rights under the FEHA.

199. Therefore, when Defendant EMPLOYER terminated and/or committed an adverse employment action against PLAINTIFF in violation of the FEHA, as stated above, and/or when EMPLOYER terminated and/or committed adverse employment actions against PLAINTIFF because of a protected status under the FEHA, as stated above, Defendant EMPLOYER also terminated or committed adverse employment actions against PLAINTIFF in violation of the California public policy embodied and delineated by the FEHA, as stated above.

200. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S violations of the FEHA, as stated above, and/or because of a protected status(es) of PLAINTIFF pursuant to the FEHA, as stated above, Defendant EMPLOYER also terminated and/or committed adverse employment actions against PLAINTIFF in violation of California public policy contained in the FEHA, as stated above.

201. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S violations of the FEHA, as stated above, and the California public policy delineated and embodied in the FEHA, which the Defendant EMPLOYER also violated, Defendant EMPLOYER terminated PLAINTIFF and/or committed adverse employment actions against PLAINTIFF, as stated above, all in violation of California public policy.

202. As a direct, foreseeable, and proximate result of PLAINTIFF'S protected status(es), as stated above, which are also a protected status(es) pursuant to California public policy, Defendant EMPLOYER actually and/or constructively terminated PLAINTIFF, failed to allow PLAINTIFF to work, failed to re-hire PLAINTIFF, failed to re-employ PLAINTIFF, failed to reinstate PLAINTIFF, denied PLAINTIFF employment, and committed adverse employment actions against PLAINTIFF, as stated above.

203. Defendant EMPLOYER engaged in a variety of acts that violated public policy, which PLAINTIFF complained about/reported. This including, but was not limited to, reporting age discrimination, race/color/national origin discrimination/ harassment/retaliation, opposing practices forbidden by the FEHA, reporting retaliatory harassment, retaliation for opposing practices forbidden by the FEHA, retaliation for being perceived as a witness to race and age discrimination and harassment, reporting Labor Code violations, reporting failure to pay as agreed, reporting failure to pay earned commission, reporting failure to compensate for meal and/or rest breaks, as well as other violations of public policy.

204. Public policy protects such reports/complaints by an employee.

205. Pursuant to the well-established, substantial and fundamental public policy contained in the Labor Code section 98.6 it is declared policy of this State that there should not be discrimination against applicants, employees, and/or workers who exercise any right afforded them by the Labor Code.

206. California Labor Code establishes a substantial and fundamental public policy that creates a right for employees to be paid for all hours they worked and a right to be paid at the proper rate of the hours worked. This public policy is embodied in law to include, but not be limited to, California Labor Code §§200, 204, 204.2, 206, 226, 227, 227.3, 510, 515, 1174, 1194, the Fair

Labor Standards Act ("FLSA") 29 USC §202 et. seq., 29 CFRA §541.600, §541.602, §541.603, California Industrial Welfare Commissions ("IWC") Wage Orders, Wage Order 4-2001 and 17-2001, 8 Cal. C. Regs. §§11040, 11170 et. seq.

207. Further, California Labor Code establishes a substantial and fundamental public policy that creates a right for employees to be provided a proper itemized wage statement, properly paid for all hours worked, paid for all wages owed and due, properly paid all wages at the termination and/or ending of employment. This public policy is embodied in law to include, but not be limited to California Labor Code § 200, 201, 202, 203, 226, 226.2, 226.7, 1194, 1194.2, 1194.5, 1197.1 and 1197.2.

208. Under the DLSE, California Labor Code, Industrial Wage Orders and common law, no employer shall employ any covered employee without paying said employee wages for the time worked by said employee and at the proper rate of pay. Under the DLSE, Labor Code, Industrial Wages Orders and common law any employer who suffers or permits an employee to work owes said employee for all hours worked, and at the proper rate of pay, even if the hours were not authorized by the employer to be worked. This includes lunch breaks, which the employer does not allow the employee to leave or relieve the employee of all duties. Those are considered on-duty breaks for which the employee must be paid. This is included in, including, but not limited to, California Labor Code sections, 201, 202, 216 et. seq., 1173-1174, 1199, Labor Code section 512, 226.7 et. seq., California Code of Regulations section 11040, et. seq

209. Pursuant to Labor Code sections 203, 204, 215, 216, 226, 226.6, 510(a), 558, 1194, 1198, and 1199, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission ("IWC") or under conditions prohibited by the applicable wage orders, including but not limited to failing to keep records of and correctly report hours worked.

210. Labor Code section 510 and 1194, California Code of Regulations, Title 8, §§11010 through 11170, and Industrial Welfare Commission Wage Orders 1-2001 through 17-2001, as well as other laws and regulations in place at the time of PLAINTIFF'S employment with EMPLOYER regarding the proper payment of minimum wage and embody fundamental, substantial, and well-established California public policy.

211. Both Labor Code §512 and the Industrial Wage Orders, prohibit an employer from employing an employee for a work period for more than five hours without providing a meal period of at least 30 minutes. Additionally, additional meal periods must be provided by an employer if the employee works more than 10 hours, except if the total hours worked is not more than 12 hours. In order for an employer to satisfy its obligation to provide meal breaks the employee must be relieved of all duties during the break; the employee must be allowed to relinquish control over their activities; the employee must be permitted a reasonable opportunity to take an uninterrupted 30-minute break and the Employer must not impede or discourage the employee from taking a meal break.

212. California Industrial Wage Orders require an employer of a non-exempt employee to authorize and permit rest periods of 10 minutes for each four consecutive hours worked, or major fraction thereof. Additionally, rest periods must fall in the middle of the work periods so far as practicable. An employee who works 3.5 to 6 hours is entitled to a 10 minute rest period; an employee who works over 6 hours and up to 10 hours is entitled to two 10 minute rest periods; and employee who works over 10 hours up to 14 hours is entitled to three 10 minute rest periods, and an employee who works over 14 hours up to 18 hours is entitled to four 10 minute rest periods; etc.

213. Further, California Labor Code establishes a substantial and fundamental public policy that creates a right for employees, to have proper pay stubs and, that by failing to do so an

employer is failing to provide a proper itemized wage statement and the employer violated the Labor Code. This public policy is embodied in law to include, but not be limited to California Labor Code §221, 222, 226, 226.7, 300, and DLSE regulations.

214. Further, California Labor Code establishes a substantial and fundamental public policy that creates a right for employees, to not have improper deductions made to their pay, to have the employer pay, reimburse and/or indemnify the employee for business expenses and to not charge the employee, via their pay or any other way, for such expenses. Further, public policy includes not having pay stubs that have improper deductions to an employee's pay. This public policy is embodied in law to include, but not be limited to California Labor Code 221, 222, 226, 226.2, 226.7, 300, 2802 and DLSE regulations.

215. Further, California public policy delineated in the Federal and California Acts, including the Fair Labor Standards Act, the Code of Federal Regulations, the DLSE, the California Labor Code, common law, California Labor Code sections, 200 et. seq., 210 et. seq., 206, 201, 202, 216 et. seq., 219, 510-556, 1173-1174, 1194, 1199, 8 Cal. Code of Regulations 11140 et. seq. an employer is required to pay an employee all wages earned by the employee, including for all hours that the employee works, is suffered or permitted to work, and/or performs services for said employer, regardless of whether or not the work is authorized and to pay the employee at the proper rate of pay, including overtime and/or double time rates for those hours worked.

216. Pursuant to California public policy delineated in FLSA, Code of Federal Regulations, the California Labor Code, and Wage Orders an employer must keep accurate records for each employee showing their daily hours worked and the wages paid to employees, including the rate of pay paid.

217. Pursuant to the public policy delineated in the DLSE, California Labor Code,

Industrial Wage Orders and common law, an employer is required to promptly pay an employee wages for the time the employee works and at the proper rate of pay. Pursuant to the DLSE, Labor Code, Industrial Wages Orders, and California Public policy any employer who suffers or permits an employee to work owes said employee for all hours worked, and

218. Pursuant to the well-established, substantial and fundamental public policy contained in the Labor Code section 1102.5 an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal stature, or violation or noncompliance with a state or federal rule or regulation.

219. The public policy delineated in Labor Code §432.5 prohibits an employer, or agent, manager, superintendent, or officer thereof, from requiring an employee to agree, in writing, to any term or condition which is known by such employer, or agent, manager, superintendent, or officer thereof to be prohibited by law.

220. The public policy delineated in Business & Professions Code §17200 et seq. make it unlawful and against public policy for an employer to engage in unfair or fraudulent business practice. An unfair business practice occurs when that practice offends an established public policy or when the practice is immoral, unethical, oppressive, and/or unscrupulous.

221. Pursuant to the well-established, substantial and fundamental public policy contained in Business & Professions Code §17200 et seq. it is unlawful and against public policy for an employer to engage in unfair or fraudulent business practice, to include practices that are immoral, unethical, oppressive, and/or unscrupulous.

222. PLAINTIFF was an employee of EMPLOYER and did the protected activity(ies), as stated above, and had a protected status when doing so, pursuant to California public policy.

223. PLAINTIFF made the complaints/reports set forth above.

224. Defendant EMPLOYER knew, perceived, and/or believed that PLAINTIFF had the protected status(es) and was engaged in the aforementioned protected activity(ies) as stated above.

225. Defendant EMPLOYER made decisions adverse to PLAINTIFF in regards to compensation and terms, conditions and privileges of employment, including subjecting PLAINTIFF to a variety of adverse actions including but not limited to, actually and/or constructively discharging PLAINTIFF, subjecting PLAINTIFF to a hostile work environment, failing to prevent discrimination/harassment/retaliation towards PLAINTIFF, failing to re-hire PLAINTIFF, failing to re-employ PLAINTIFF, failing to reinstate PLAINTIFF, failing to pay PLAINTIFF all wages and commissions owed for her work with EMPLOYER, failing to promote PLAINTIFF, misclassifying PLAINTIFF, failing to pay PLAINTIFF overtime and/or double time, failing to provide PLAINTIFF with paid rest breaks and paid meal breaks or breaks free of work, subjecting PLAINTIFF to negligent hiring and retention of others, subjecting PLAINTIFF to intentional infliction of emotional distress, subjecting PLAINTIFF to unfair business practices and retaliation for whistleblowing, failing to maintain accurate FEHA/CFRA records, discriminating against PLAINTIFF on the terms, conditions, and privileges of employment as well as other adverse actions.

226. EMPLOYER engaged in violations of public policy in the following ways: Employer hired and/or assigned employees, who did not have PLAINTIFF's protected status, to assume the duties and responsibilities that PLAINTIFF had; the employees that Employer hired to assume the duties and responsibilities that PLAINTIFF had were not as qualified as PLAINTIFF to assume those duties and responsibilities; Employer made discriminatory statements based on PLAINTIFF'S aforementioned protected status, as described hereinabove; Employer gave a false and pretextual reason for the adverse actions taken against PLAINTIFF; Employer treated PLAINTIFF differently than employees without the same protected status as the PLAINTIFF by giving those employees

lesser or no discipline for the same or more grievous offenses than Employer charged PLAINTIFF with; Employer treated PLAINTIFF differently than employees without the same protected status also by giving them preferential treatment; Employer has a pattern and practice of discriminating against employees in the aforementioned protected status of PLAINTIFF, described hereinabove; statistically EMPLOYER'S actions were discriminatory and/or Employer implemented policies and procedures that had a disproportionate adverse impact on PLAINTIFF.

227. PLAINTIFF'S protected activity and/or protected status(es) pursuant to public policy, as described hereinabove, was a substantial motivating factor in Defendant EMPLOYER'S aforementioned decisions that were adverse to PLAINTIFF.

228. As a direct, legal, and proximate cause of PLAINTIFF'S aforementioned protected status and/or protected activity, as described hereinabove, Defendant EMPLOYER actually and/or constructively terminated PLAINTIFF, denied PLAINTIFF employment, and/or failed to rehire or reinstate PLAINTIFF, all in violation of public policy.

229. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered lost income, employment, medical expenses and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

230. As a direct, foreseeable and proximate result of Defendant EMPLOYER'S conduct, as alleged above, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and severe emotional distress, the precise amount of which will be proven at trial.

231. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by the EMPLOYER willfully, intentionally, and with oppression, malice and

fraud and was carried out with conscious disregard of PLAINTIFF's rights and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Employer, of the unfitness of the employee, and the employee was employed with a conscious disregard of the rights and/or safety or others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Employer.

232. PLAINTIFF had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

233. PLAINTIFF seeks declaratory and injunctive relief, including public injunctive relief, that PLAINTIFF and other's rights under public policy were violated, that Defendant EMPLOYER violated public policy, that training and education needs to occur to get Defendant EMPLOYER to comply with public policy and other forms of declaratory and injunctive relief.

234. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies she/the public are entitled to under the law pursuant to the claims alleged in this complaint.

## <u>ELEVENTH CAUSE OF ACTION</u>

NEGLIGENT HIRING AND RETENTION

By PLAINTIFF against Defendant EMPLOYER and Does 1-100

235. PLAINTIFF realleges and incorporates herein paragraphs 1 through 234 of this complaint as though fully set forth.

236. An employer can be held liable under common law for the negligent hiring and

retention of an employee.

237. Under common law, an employer is liable for negligent hiring and/or retention of an employee is based upon the employer's actual or constructive knowledge that hiring and/or retaining an employee created a particular risk or hazard and that particular harm actually materialized.

238. At all times material hereto, Defendant EMPLOYER and its employees, including but not limited to, TACKMAN, Mitch Rocks, and Russ Steeves were actually or constructively known to Defendant EMPLOYER to have an inability to comply with the FEHA, a propensity for engaging in unlawful discrimination, harassment, and retaliation in violation of the FEHA, tendency of engaging in violations of public policy, and/or for failing to prevent said conduct in the workplace. Defendant EMPLOYER had knowledge of TACKMAN, Mitch Rocks, Russ Steeves and other employees of Defendant EMPLOYER not being knowledgeable in the FEHA and failing to be trained in the FEHA, had knowledge of TACKMAN, Mitch Rocks, Russ Steeves and other employees of Defendant EMPLOYER exhibiting retaliatory, harassing, and discriminatory conduct and have knowledge that there were other witnesses to such harassment, should have known TACKMAN, Mitch Rocks, Russ Steeves and other employees of Defendant EMPLOYER were unable to comply with the FEHA and public policy, knew TACKMAN, Mitch Rocks, Russ Steeves and other employees of Defendant EMPLOYER created a hostile work environment and were unable to prevent the discrimination, harassment and/or retaliation. EMPLOYER had knowledge of the behavior through investigations, claims, documents, witnesses, reports by PLAINTIFF, emails, witness statements as well as other examples.

239. The particular harm that Defendant EMPLOYER had actual or constructive knowledge about occurred as Defendant EMPLOYER, including TACKMAN, Mitch Rocks, Russ Steeves and other employees of Defendant EMPLOYER engaged in the unlawful and harmful

conduct, as described above, against PLAINTIFF, and other employees as well, and Defendant EMPLOYER allowed other employees to engage in similar behavior.

240. The particular harm that Defendant EMPLOYER had actual or constructive knowledge about occurred as PLAINTIFF and others were denied a work place free from unlawful and harmful conduct, subjected to violations of the FEHA, public policy, as well as other adverse actions, as stated above.

241. Defendant EMPLOYER failed to take prompt and appropriate remedial steps to correct the ongoing harassment, discrimination, and retaliation as well as the ongoing violations of public policy.

242. Defendant EMPLOYER owed PLAINTIFF, as well as other employees, a duty of care to properly supervise, discipline, terminate, not hire, not retain, demote its management and personnel including, for unlawful and harmful conduct committed by Defendant EMPLOYER including the employees.

243. Defendant EMPLOYER breached the duty of care by negligently hiring and/or retaining Defendant EMPLOYER, including the employees, resulting in economic damages, personal injury, and emotional distress suffered by PLAINTIFF as a proximate result thereof.

244. At all times material herein, Defendant EMPLOYER knew or reasonably should have known, that unless Defendant EMPLOYER intervened to protect PLAINTIFF, as well as other employees, and to adequately supervise, prohibit, control, regulate, discipline and/or otherwise penalize the conduct of Defendant EMPLOYER, including the employees, said unlawful and harmful conduct would continue, thereby subjecting PLAINTIFF, as well as other employees, to lost wages, personal injury, and emotional distress.

245. At all times material herein, Defendant EMPLOYER knew or reasonably should have

known, that unless Defendant EMPLOYER intervened to protect PLAINTIFF, as well as other employees, and to adequately supervise, prohibit, control, regulate, discipline and/or otherwise penalize the conduct of Defendant EMPLOYER, including the employees, Defendant EMPLOYER'S failure to so protect, supervise, prohibit, control, regulate, discipline, terminate and/or otherwise penalize Defendant EMPLOYER, including the employees, would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said discrimination, harassment and retaliation, violations of public policy, and violations of the law.

246. At all times material herein, Defendant EMPLOYER had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, terminate and/or otherwise penalize the conduct of Defendant EMPLOYER, including the employees.

247. As a direct, foreseeable, and proximate result of Defendant EMPLOYER, including the employees conduct, as alleged above, PLAINTIFF has suffered lost income, employment, medical expenses, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

248. As a direct, foreseeable and proximate result of Defendant EMPLOYER, including the employees conduct, as alleged above, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, pain and suffering, and severe emotional distress, the precise amount of which will be proven at trial.

249. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by the DEFENDANTS, willfully, intentionally, with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF'S rights, and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged,, as described hereinabove, was done with the advance knowledge

by an officer, director and/or managing agent of Defendant EMPLOYER, of the unfitness of the Defendant EMPLOYER'S employees and agents, and the employees were employed with a conscious disregard of the rights and/or safety of others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant EMPLOYER and was done by Defendant TACKMAN, Mitch Rocks, Russ Steeves and other employees of Defendant EMPLOYER, and PLAINTIFF'S other managers/supervisors.

250. PLAINTIFF had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof.

251. PLAINTIFF is informed and believe and, on that basis, allege, that Defendant EMPLOYER has engaged, continues to engage, and will continue to engage in the foregoing conduct set forth in this complaint unless it/he is restrained from so doing. Defendant EMPLOYER'S conduct have injured PLAINTIFF as well as others and will continue to cause irreparable injury to PLAINTIFF and others, who have no adequate remedy at law. Relief by damages alone for DEFENDANT'S continuing conduct would require a multiplicity of suits. Accordingly, PLAINTIFF is also entitled to injunctive relief

252. PLAINTIFF seeks declaratory relief that PLAINTIFF'S rights under the law were violated, that DEFENDANTS violated the law, that training and education needs to occur at Defendant EMPLOYER'S workplace to get Defendant EMPLOYER to comply with the law, and other forms of declaratory relief.

253. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies, as

stated above, they are entitled to under the law pursuant to the claims alleged in this complaint.

**TWELFTH CAUSE OF ACTION**

VIOLATION OF BUSINESS AND PROFESSION CODE §17200, ET SEQ.

By PLAINTIFF against Defendant EMPLOYER and Does 1 – 100

254. Plaintiff realleges and incorporates herein paragraphs 1 through 253 of this complaint as though fully set forth hereto.

255. By violating the foregoing statutes and regulations, as well as other state and federal laws, the acts of EMPLOYER constitute unfair and unlawful business practices under Business and Professions Code §17200 et seq.

256. EMPLOYER'S violation of FEHA, public policy, the Health and Safety Code, the Labor Code, as well as the other laws, constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment of EMPLOYEE.

257. Further, Defendant EMPLOYER'S violation of the labor code constitutes a business practice because it was done repeatedly over a significant period of time and in a systemic manner to the detriment of PLAINTIFF and others.

258. As a direct, foreseeable, and proximate result of Defendant EMPLOYER'S failure to prevent the harassment, discrimination, and retaliation based on age, race/ethnicity, violations of the FEHA, and violation of other laws including public policy, the Labor Code, PLAINTIFF has been damaged, the precise amount of which will be proven at trial.

259. PLAINTIFF requests damages and/or restitution of all monies and profits to be disgorged from Defendant EMPLOYER that it gained from unjust business practices in an amount according to proof at trial.

260. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

261. PLAINTIFF seeks declaratory and injunctive relief, including public injunctive relief regarding the violations of §17200.

262. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies she/the public are entitled to under the law pursuant to the claims alleged in this complaint.

**THIRTEENTH CAUSE OF ACTION**

INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS

By PLAINTIFF Against Defendant EMPLOYER and Does 1-100

263. Plaintiff realleges and incorporates herein paragraphs 1 through 262 of this complaint as though fully set forth.

264. Defendant EMPLOYER committed acts and omissions that were extreme and outrageous and were undertaken in a despicable, oppressive, fraudulent, deliberate, egregious, and inexcusable manner, with malice and oppression as defined California Civil Code §3294.

265. Defendant EMPLOYER'S conduct was so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized community.

266. Defendant EMPLOYER'S acts and omissions include but are not limited to, the FEHA violations as stated above, violating PLAINTIFF'S rights under public policy, violations of the California Constitution, violations of the Labor Code, violations of other laws/codes, as stated above, retaliating against, discriminating against, and harassing PLAINTIFF, and others, in violation of the FEHA, public policy, and the Labor Code, as stated above.

267. Defendant EMPLOYER'S acts and omissions, as set forth above, were in excess of any authority granted them by law and were without justification or excuse in law and were in contravention of public policy as set forth above. Furthermore, said acts by Defendant EMPLOYER were in violation of statutes and common law and were outside the scope of the compensation

bargain between PLAINTIFF and Defendant EMPLOYER. Further, the conduct as stated above was outside the Workers Compensation Act.

268. As a direct, foreseeable, and proximate result of the conduct, as alleged above, PLAINTIFF has suffered lost income, medical expenses, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

269. As a direct, foreseeable and proximate result of the conduct, as alleged above, PLAINTIFF has suffered and continues to suffer severe emotional distress including ongoing and severe anxiety, embarrassment, loss of enjoyment of life, the precise amount of which will be proven at trial.

270. The injuries that PLAINTIFF sustained were foreseeable and were intended at the time of the Defendant EMPLOYER'S actions, as hereinabove alleged, were taken.

271. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by Defendant EMPLOYER willfully, intentionally, with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF'S rights and as such PLAINTIFF is entitled to an award of exemplary damages according to proof. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of Defendant EMPLOYER, of the unfitness of the employee and the employee was employed with a conscious disregard of the rights and/or safety of others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant EMPLOYER and was committed by Defendant EMPLOYER.

272. PLAINTIFF had to employ an attorney to prosecute this action and has thereby

incurred costs and attorney fees. Such attorneys' fees and costs are necessary for the prosecution of this action for which PLAINTIFF is entitled to an award of attorneys' fees and costs in an amount according to proof. Further, PLAINTIFF seeks attorney fees pursuant to CCP §1021.5 et. seq.

273. PLAINTIFF seeks injunctive relief, including public injunctive relief, declaratory relief that PLAINTIFF'S rights under the law were violated, that DEFENDANT EMPLOYER violated the law, that training and education needs to occur at Defendant EMPLOYER'S workplace to get Defendant EMPLOYER to comply with the law and other forms of declaratory relief.

274. PLAINTIFF seeks injunctive and/or declaratory relief and any other remedies, as stated above, they are entitled to under the law pursuant to the claims alleged in this complaint.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment against all Defendants on all causes of action as follows:

1. For lost wages and related employment benefits according to proof at trial;
2. For special damages according to proof at trial;
3. For medical expenses and other consequential damages;
4. For attorneys' fees according to proof;
5. For punitive damages according to proof at trial;
6. For general damages, and for damages for emotional distress according to proof at trial;
7. For compensatory damages;
8. For restitution of all monies and disgorgement of profits from the unlawful business practices of defendants;
9. A jury trial on all issues;
10. The costs of litigation;

11. For an award of interest, including pre-judgmental interest, at the legal rate;

12. For penalties, including waiting time penalties;

13. For waiting time penalties pursuant to Labor Code section 203;

14. For damages provided under California Labor Code section 226;

15. For premium pay provided under California Labor Code section 226.7;

16. For liquidated damages;

17. For liquidated damages pursuant to Labor Code section 1194.2;

18. For penalties, restitution of wages, attorney fees, costs, injunctive relief and liquated damages pursuant to Labor Code sections 201, 202, 203, 1194, 1194.2, 1194.5, 1197.1 and 1197.2.

19. For declaratory relief stating the violations that Defendants committed as to the FEHA, FLSA, public policy and the law;

20. For damages and penalties under California Labor Code section 17200;

21. For injunctive, equitable, and other relief that in the judgment of the court, will effectuate the purpose of FEHA and public policy, pursuant to California Government Code Section 12965(c)(3) and public policy, including without limitation a requirement that defendants conduct training for all employees, supervisors, and management on the requirements of the Fair Employment and Housing Act (FEHA) and public policy as to the FEHA/public policy violations alleged in this complaint, which the trier of fact finds Employer violated;

22. For injunctive, equitable, and other relief that in the judgment of the court, which will effectuate the purpose of FEHA and public policy, pursuant to California Government Code Section 12965(c)(3), to include evidentiary presumptions,

interferences and sanctions at trial for Employer's failure to keep and/or maintain employment records as required by FEHA;

23. For injunctive, equitable, and other relief pursuant to California Government Code Section 12965(c)(3) and public policy, which the court deems appropriate, ordering Employer to comply with FEHA rules, regulations, and laws in the future as to all rules, regulations, and laws Employer did not comply with as to the Plaintiff, according to proof;

24. For injunctive, equitable, and other relief that in the judgment of the court, will effectuate the purpose of FEHA, pursuant to California Government Code Section 12965(c)(3), and which the court deems appropriate to prevent Employer from committing further FEHA violations as are alleged in this complaint;

25. For permanent injunctive relief;

26. For public injunctive relief to prevent future harm to Plaintiff, and others.

27. And for such other relief as this Court deems just and proper.

////

Dated: October 16, 2018

Respectfully Submitted,
**CUMMINGS & FRANCK, P.C.**

By: ______________________
Scott Cummings
Lee Franck
Attorneys for PLAINTIFF

# EXHIBIT 1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Evelyn Crider-Hall DFEH No. 201801-00664305

Complainant,

vs.

UFP Technologies, Inc.
100 Hale Street
Newburyport, Massachusetts 01950

David Tackman
20211 South Susana Road
Rancho Dominguez, California 90221

Respondents.

1. Respondent **UFP Technologies, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Evelyn Crider-Hall**, resides in the City of **Los Angeles** State of **California.**

3. Complainant alleges that on or about **January 4, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, national origin (includes language restrictions), color, age (40 and over), association with someone of a protected class.

**Complainant was discriminated against** because of complainant's race, national origin (includes language restrictions), color, age (40 and over), association with someone of a protected class, other and as a result of the discrimination was terminated, laid off, denied hire or promotion, reprimanded, denied equal pay, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, failed to give equal considerations in making employment decisions, other.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment claim and as a result was terminated, laid off, denied hire or promotion, reprimanded, denied equal pay, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, failed to give equal considerations in making employment decisions.

**Additional Complaint Details:** I put the most recent discrimination as today, January 4, 2018, because I was fired on December 29, 2017, but I have not been re-hired since and/or reinstated, which is why I selected this date. I worked as an Account Manager for UFP and David Tackman was my supervisor. He, and others including Mitch Rock and Russell Steeves discriminated against me, harassed me and retaliated against me due to my age, race, color, national origin, ancestry, complaints of discrimination and harassment, opposing practices forbidden by FEHA, etc. They would make negative age comments about me and others of my similar age. They would tell me when will I retire, a lot of negative comments about my age and retiring, that I'm too old, that Black Don't Crack and other racial comments and bad behavior towards me and others of similar age. I'm not the only one they said negative age comments to and I heard them said about others. Also, they wrongfully terminated me, they failed to promote me, they yelled at me and threatened my job, they did not even consider me for the Business Development Manager promotion and/or Outside Sales Rep. They failed to promote me to either position despite my excellent credentials. They subjected me to adverse employment actions including wrongful termination, hostile work environment, failure to promote, failure to prevent discrimination/harassment/retaliation, failure to re-hire, failure to re-employ, failure to reinstate. They overlooked me for meetings, they didn't provide proper accommodations for travel, they didn't properly handle by QBR meetings, they ignored me, they isolated me, they failed to maintain business records and records required by FEHA, they subjected me to age harassment, they subjected me to race/color harassment, they subjected me to retaliatory harassment, they failed to properly investigate my complaints of discrimination, harassment and retaliation, etc.

VERIFICATION

I, **Evelyn Crider-Hall**, am the **Complainant** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On January 4, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**



Date Filed: January 4, 2018

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

January 4, 2018

Evelyn Crider-Hall
[redacted]

RE: **Notice to Complainant**
DFEH Matter Number: 201801-00664305
Right to Sue: Crider-Hall / UFP Technologies, Inc. et al.

Dear Evelyn Crider-Hall:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing