Scott Cummings (SBN 204111)
scott@cummingsandfranck.com
Lee Franck (SBN 229055)
lee@cummingsandfranck.com
CUMMINGS & FRANCK, P.C.
1025 W. 190th Street, Suite 200
Gardena, CA 90248
Telephone: (310) 295-2195
Facsimile: (310) 295-2180

Attorneys for Plaintiff EVELYN CRIDER-HALL

Frank E. Melton (SBN 94134)
frank.melton@jacksonlewis.com
Jade M. Brewster (SBN 303116)
jade.brewster@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, CA 90017
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendants UFP TECHNOLOGIES, INC. AND
DAVID TACKMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN CRIDER-HALL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UFP TECHNOLOGIES, INC.; DAVID TACKMAN and DOES, 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.: 2:18-cv-9804 JAK (ASx)<br><br>[Assigned for all purposes to the Hon. John A. Kronstadt, Courtroom 10B]<br><br>**PROTECTIVE ORDER**<br><br>[Filed concurrently with Stipulated Protective Order]<br><br>Complaint Filed: October 17, 2018 |

/ / /

1    Plaintiff Evelyn Crider-Hall ("Plaintiff") and Defendants UFP Technologies, Inc.

2    ("UFPT" or the "Company") and David Tackman ("Tackman") (collectively referred to

3    as "Defendants"), by and through their counsel of record, hereby submit this Stipulated

4    Protective Order.

5        1. A. <u>PURPOSES AND LIMITATIONS</u>

6        Discovery in this action is likely to involve production of confidential, proprietary,

7    or private information for which special protection from public disclosure and from use

8    for any purpose other than prosecuting this litigation may be warranted. Accordingly, the

9    parties hereby stipulate to and petition the Court to enter the following Stipulated

10   Protective Order. The parties acknowledge that this Order does not confer blanket

11   protections on all disclosures or responses to discovery and that the protection it affords

12   from public disclosure and use extends only to the limited information or items that are

13   entitled to confidential treatment under the applicable legal principles. The parties further

14   acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order

15   does not entitle them to file confidential information under seal; Civil Local Rule 79-5

16   sets forth the procedures that must be followed and the standards that will be applied

17   when a party seeks permission from the court to file material under seal.

18       B. <u>GOOD CAUSE STATEMENT</u>

19       Plaintiff in this case has requested production of a substantial number of

20   documents that contain confidential and proprietary information of UFPT.  Examples of

21   documents UFPT intends to produce in response to Plaintiff's requests for production

22   include documents that would reveal the names of many UFPT customers to whom

23   Plaintiff made sales, revenues from those customers, customer pricing and business

24   strategies, internal cost and profitability information, specific communications with or

25   about customers involving Plaintiff, and internal company policies or procedures

26   regarding sales techniques, compensation and plans relevant to Plaintiff's various claims.

27   The confidential and proprietary information summarized above is not generally or

28

readily known to the public or UFPT's competitors. Disclosure of any such information to the public, competitors, customers or others outside of its use in this action under the terms of this protective order would create a significant risk of irreparable business or economic harm to UFPT. In addition, other documents UFPT intends to produce in response to Plaintiff's requests for production include specific information about other employees of UFPT that, if disclosed outside of this action under parameters of the protective order, likely would infringe on the privacy rights of such individuals under the California Constitution and could subject UFPT to claims for damages for violation of such rights.

Accordingly, to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonably necessary uses of such material in connection with this action, address their handling of such material at the end of the litigation, and serve the ends of justice, there is good cause for a protective order in this matter. The parties shall not designate any information/documents as confidential for tactical reasons without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is a proper business justification for the designation that provides good cause as to why it should not be part of the public record in this case.

2. DEFINITIONS

2.1 <u>Action</u>: The instant action, entitled *Evelyn Crider-Hall v. UFP Technologies, Inc. et al.*, Case No. 2:18-cv-9804 JAK (ASx).

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

Statement.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection

1    only the material, documents, items, or oral or written communications that qualify.

2       If it comes to a Designating Party's attention that information or items that it

3    designated for protection do not qualify for protection, that Designating Party must

4    promptly notify all other Parties that it is withdrawing the inapplicable designation.

5       5.2    <u>Manner and Timing of Designations</u>.

6       Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section

7    5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material

8    that qualifies for protection under this Order must be clearly so designated before the

9    material is disclosed or produced.

10      Designation in conformity with this Order requires:

11      (a)    for information in documentary form (*e.g.,* paper or electronic documents,

12   but excluding transcripts of depositions or other pretrial or trial proceedings), that the

13   Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter

14   "CONFIDENTIAL legend"), to each page that contains protected material.

15      A Party or Non-Party that makes original documents available for inspection need

16   not designate them for protection until after the inspecting Party has indicated which

17   documents it would like copied and produced. During the inspection and before the

18   designation, all of the material made available for inspection shall be deemed

19   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

20   copied and produced, the Producing Party must determine which documents, or portions

21   thereof, qualify for protection under this Order. Then, before producing the specified

22   documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page

23   that contains Protected Material.

24      (b)    for testimony given in depositions that the Designating Party identify the

25   Protected Material on the record, before the close of the deposition.

26      (c)    for information produced in some form other than documentary and for any

27   other tangible items, that the Producing Party affix in a prominent place on the exterior of

28

the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must

comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

1    10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3    Protected Material to any person or in any circumstance not authorized under this

4    Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

5    the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve

6    all unauthorized copies of the Protected Material; (c) inform the person or persons to

7    whom unauthorized disclosures were made of all the terms of this Order; and (d) request

8    such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

9    that is attached hereto as Exhibit A.

10       11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

11   PROTECTED MATERIAL

12       When a Producing Party gives notice to Receiving Parties that certain inadvertently

13   produced material is subject to a claim of privilege or other protection, the obligations of

14   the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

15   This provision is not intended to modify whatever procedure may be established in an e-

16   discovery order that provides for production without prior privilege review. Pursuant to

17   Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

18   effect of disclosure of a communication or information covered by the attorney-client

19   privilege or work product protection, the parties may incorporate their agreement in the

20   stipulated protective order submitted to the Court.

21       12.   MISCELLANEOUS

22       12.1   Right to Further Relief. Nothing in this Order abridges the right of any

23   person to seek its modification by the Court in the future.

24       12.2   Right to Assert Other Objections. By stipulating to the entry of this

25   Protective Order no Party waives any right it otherwise would have to object to disclosing

26   or producing any information or item on any ground not addressed in this Stipulated

27   Protective Order. Similarly, no Party waives any right to object on any ground to use in

28

1  evidence of any of the material covered by this Protective Order.

2        12.3   Filing Protected Material. A Party that seeks to file under seal any Protected

3  Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

4  under seal pursuant to a court order authorizing the sealing of the specific Protected

5  Material at issue. If a Party's request to file Protected Material under seal is denied by the

6  Court, then the Receiving Party may file the information in the public record unless

7  otherwise instructed by the Court.

8        13.    FINAL DISPOSITION

9        After the final disposition of this Action, as defined in paragraph 4, within 60 days

10  of a written request by the Designating Party, each Receiving Party must return all

11  Protected Material to the Producing Party or destroy such material. As used in this

12  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

13  summaries, and any other format reproducing or capturing any of the Protected Material.

14  Whether the Protected Material is returned or destroyed, the Receiving Party must submit

15  a written certification to the Producing Party (and, if not the same person or entity, to the

16  Designating Party) by the 60-day deadline that (1) identifies (by category, where

17  appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that

18  the Receiving Party has not retained any copies, abstracts, compilations, summaries or

19  any other format reproducing or capturing any of the Protected Material.

20  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

21  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

22  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

23  consultant and expert work product, even if such materials contain Protected Material.

24  Any such archival copies that contain or constitute Protected Material remain subject to

25  this Protective Order as set forth in Section 4 (DURATION).

26        14.    Any violation of this Order may be punished by any and all appropriate

27  measures including, without limitation, contempt proceedings and/or monetary sanctions.

28

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April 3, 2019                    CUMMINGS & FRANCK

                                        /s/ Scott Cummings
                                        Scott Cummings
                                        Lee Franck
                                        Attorneys for Plaintiff Evelyn Crider-Hall

Dated: April 3, 2019                    JACKSON LEWIS P.C.

                                        /s/ Frank E. Melton
                                        Frank E. Melton
                                        Jade M. Brewster
                                        Attorneys for Defendants UFP
                                        TECHNOLOGIES, INC. and DAVID
                                        TACKMAN

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: April 11, 2019                   _/s/_
                                        Honorable Alka Sagar
                                        United States Magistrate Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Evelyn Crider-Hall v. UFP Technologies, Inc. et al.*, Case No. 2:18-cv-9804 JAK (ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4847-7521-4982, v. 1